[Cite as *Blevins v. Blevins*, 2014-Ohio-3933.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Alex Blevins, | : | |
| Plaintiff-Appellant, | : | |
| Zhanee Blevins et al., | : | No. 14AP-175 |
| | | (C.P.C. No. 07DR-2716) |
| Plaintiffs-Appellees, | : | |
| | | (REGULAR CALENDAR) |
| v. | : | |
| Michael Blevins, Sr., | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 11, 2014

*Alex Blevins*, pro se.

*Cynthia M. Roy*, for appellee.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

O'GRADY, J.

{¶ 1} Plaintiff-appellant, Alex Blevins, appeals from a December 27, 2013 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which adopted the magistrate's decision. For the following reasons, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant and appellee were married in 2002. They have three children together. Their daughter has been emancipated and their two sons are minors. Appellant filed for divorce in 2007, and the divorce was finalized in 2008. Appellant was named the residential parent with custody of the children, and appellee was allotted parenting time.

At the time of their divorce, both parties lived in Franklin County, Ohio. Appellant relocated to Marion, Ohio in 2010.

{¶ 3}   On September 25, 2012, through counsel, appellee filed a motion to modify parental rights. Appellee alleged a substantial change in circumstances; namely, appellant had relocated several times without notifying appellee or the court, which prevented appellee from exercising his parenting time. Appellee requested an order reallocating parental rights and responsibilities to align with the best interest of the minor children. The record reflects the parties and the court used at least five addresses for appellant during the litigation, previous to appellee filing the motion. The motion itself was mailed to a new address for appellant: "2230 Mary Lane, Claridon, OH 43302." There is no indication in the record that service failed. It is apparent that appellant received notice of the motion because she requested a continuance of the corresponding hearing. Appellant also signed a waiver of service acknowledging receipt of the motion to modify parental rights.

{¶ 4}   Appellant obtained counsel and, on May 8, 2013, filed a motion to dismiss appellee's motion to modify parental rights. Appellant alleged appellee did not comply with interim orders regarding parenting time. Specifically, appellee did not show up on time for child exchanges at the Marion Police Department, and when he did show up, he did not leave with the children. Appellant argued appellee's motion should be dismissed because his actions evidenced his lack of interest in spending more time with the children. Appellant simultaneously filed a motion for an award of attorney fees incurred in opposing appellee's motion to modify parental rights. Appellant's counsel withdrew shortly after filing the motions.

{¶ 5}   On August 9, 2013, appellee filed a motion for an order finding appellant in contempt based on appellant's alleged failure to provide appellee with his court ordered parenting time. Appellee also moved the court for an award of attorney fees associated with the motion. The motion was mailed to appellant at the "2230 Mary Lane, Claridon, OH 43302" address; however, this time service failed. The envelope was returned to the clerk of courts marked "not deliverable as addressed-unable to forward." (R. 445.) Appellant later signed a waiver of service acknowledging receipt of the motion for contempt.

{¶ 6}   On September 24, 2013, the magistrate ordered appellant and appellee to take their children to counseling to address issues including, but not limited to, the children's relationship with their father and the impact of their parents' negative relationship.

{¶ 7}   On December 18, 2013, the magistrate rendered a decision complete with findings of fact and conclusions of law, which resolved the above motions.  The decision indicates a hearing was held on September 19, 20 and 24, 2013, and a court reporter made a record of the proceedings.  The magistrate noted appellee was represented by counsel and appellant chose to proceed without counsel.  Both parties testified and presented evidence.  The magistrate found that appellant's move to Marion, Ohio constituted a substantial change of circumstances for the minor children.  The magistrate then determined the best interest of the children by applying the factors in R.C. 3109.04(F)(1).[1] The magistrate granted appellee's motion to modify parental rights in part.  Appellant remained the residential parent and legal custodian of the children.  Appellee was allocated additional responsibilities and the terms of his parenting time were modified. Of note, the magistrate ordered:

> [Appellant] shall deliver the children to [appellee's] home at the commencement of [appellee's] parenting time and [appellee] shall return the children to [appellant's] home at the end of his parenting time.  All exchanges shall be "curb side," such that the parties shall not exit his/her vehicle when delivering the children to the other party's home.

(Magistrate's Decision, 12.)   The magistrate reduced appellee's child support obligation finding it "appropriate to impute minimum wage to [appellant]."  (Magistrate's Decision, 8.)   The magistrate noted appellant worked part-time as a home health aide, she was articulate and intelligent, and there was no indication appellant could not earn minimum wage.  By granting appellee's motion to modify parental rights in part, the magistrate implicitly denied appellant's motion to dismiss.   The magistrate denied appellant's corresponding motion for an award of attorney fees because appellant did not present any evidence to substantiate the fees.  The magistrate granted appellee's motion to find

---

[1] The magistrate noted, among other things, that neither party requested a psychological evaluation of the children.

appellant in contempt based on her admissions that she denied appellee his parenting time in violation of the court's orders.  Finally, the magistrate granted appellee's motion for an award of attorney fees associated with filing the motion for contempt.  The magistrate's decision concluded with a notification in bold type stating:

> A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii) or Juv. R. 40(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ. R. 53(D)(3)(b) or Juv. R. 40(D)(3)(b).

(Emphasis omitted.)  (Magistrate's Decision, 15.)

{¶ 8}   On December 27, 2013, the trial court adopted the magistrate's decision as the judgment of the court.  The trial court recognized that a three-day hearing was held on the matter, and found "no error of law or other defect on the face of the magistrate's decision."  (R. 456.)  The court's judgment entry references Civ.R. 53 and indicates timely objections would be considered.

{¶ 9}   The magistrate's decision and the judgment entry adopting the decision were mailed to appellant at "PO Box 2482, Marion, OH 43301-2482."  (R. 458.)  On February 3, 2014, the envelope was returned to the clerk of courts marked "undeliverable as addressed-no forwarding order on file" and "box closed-unable to forward."  (R. 458.)  The clerk attempted service a second time on February 4, 2014 by mailing the orders to appellant at "2230 Mary Lane, Claridon, OH 43302."  There is no indication service at that address failed.  No objections to the magistrate's decision were filed.

{¶ 10} On March 3, 2014, appellant filed a notice of appeal referencing the December 27, 2013 judgment entry.  At the same time, appellant filed an affidavit of indigency and a financial disclosure form indicating her address was "2230 Mary Lane, Marion, OH 43302."  Appellant also requested that a transcript of the hearing before the magistrate be prepared and filed.  The transcript was filed with the trial court on March 28, 2014.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Appellant presents us with the following six assignments of error to review:

I. THE [TRIAL] COURT ERRED IN NOT GRANTING THE PLAINTIFF-APPELLANT'S MOTION TO DISMISS DEFENDANT-APPELLEE['S] MOTION FOR REALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES AND TO ORDER SANCTIONS AWARDING TO PLAINTIFF HER ATTORNEY FEE[']S.

II. THE [TRIAL] COURT ERRED IN NOT OBTAINING THE RECOMMENDATION REGARDING THE MINOR CHILDREN'S COUNSELING AND IN NOT CONSIDERING ALL RELEVANT FACTORS IN DETERMINING THE BEST INTEREST OF THE CHILDREN.

III. THE [TRIAL] COURT ERRED BY REDUCING RETROACTIVELY DEFENDANT[']S CHILD SUPPORT WITHOUT CAUSE, WHICH IS NOT IN THE BEST INTEREST OF THE MINOR CHILDREN.

IV. THE [TRIAL] COURT ERRED IN GRANTING DEFENDANT ACCESS TO PLAINTIFF'S HOME DURING VISITATION, WHEN [TRIAL] COURT WAS AWARE OF THE DOMESTIC VIOLENCE AND STALKING ISSUES WHICH CREATED FEAR AND CONCERNS OF SAFETY FOR PLAINTIFF.

V. THE [TRIAL] COURT ERRED BY FINDING PLAINTIFF-APPELLANT IN CONTEMPT WHEN NO EVIDENCE WAS PRESENTED SHOWING APPELLANT OBSTRUCTED VISITATION, EXCEPT UNSUPPORTED ORAL TESTIMONY BY THE APPELLEE-DEFENDANT.

VI. THE [TRIAL] COURT ERRED IN DENYING PLAINTIFF-APPELLANT THE OPPORTUNITY TO OBJECT TO THE MAGISTRATE'S DECISION BEFORE SUBMITTING IT TO JUDGE FOR FINAL ORDER.

## III. PRELIMINARY MATTERS

{¶ 12} We first note appellant makes allegations in her briefs that fall outside the parameters of her assignments of error. For instance, appellant alleges, without explanation, that she was denied legal representation at the hearing before the magistrate and that her civil rights were violated. Pursuant to App.R. 12(A)(1)(b), an appellate court

must " 'determine [an] appeal on its merits on the assignments of error set forth in the briefs under App.R. 16.' Thus, this court rules on assignments of error only, and will not address mere arguments." *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70, quoting *In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5. Accordingly, we will address appellant's assignments of error only and disregard her extraneous allegations, which we note are not supported by the record properly before this court. *See Bonn v. Bonn*, 10th Dist. No. 12AP-1047, 2013-Ohio-2313, ¶ 9.

{¶ 13} Also, appellant did not file objections to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) states: "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Accordingly, we are limited to plain error review in this appeal. *PHH Mtge. Corp. v. Santiago*, 10th Dist. No. 11AP-562, 2012-Ohio-942, ¶ 8, citing *In re G.S.*, 10th Dist. No. 10AP-734, 2011-Ohio-2487, ¶ 6, and *Nyamusevya v. Nkurunziza*, 10th Dist. No. 11AP-137, 2011-Ohio-5287, ¶ 9. The plain error doctrine only applies in the "extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus.

{¶ 14} Finally, a transcript of the proceedings before the magistrate is part of the record on appeal; however, the transcript was not before the trial court when it adopted the magistrate's decision. "Appellate review is limited to the record as it existed at the time the trial court rendered its judgment." *Franks v. Rankin*, 10th Dist. No. 11AP-934, 2012-Ohio-1920, ¶ 73, citing *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 13; *Wallace v. Mantych Metalworking*, 189 Ohio App.3d 25, 2010-Ohio-3765, ¶ 10 (2d Dist.). " 'A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *Id.*, quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. Therefore, we will not consider the transcript in ruling on appellant's assignments of error. " ' "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing

to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." ' " *Black v. Columbus Sports Network, L.L.C.*, 10th Dist. No. 13AP-1025, 2014-Ohio-3607, ¶ 39, quoting *Estate of Stepien v. Robinson*, 11th Dist. No. 2013-L-001, 2013-Ohio-4306, ¶ 29, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

## IV. DISCUSSION

{¶ 15} We will address appellant's assignments of error out of order. Under appellant's sixth assignment of error, she argues the trial court erred by denying her an opportunity to object to the magistrate's decision before the trial court rendered judgment adopting the decision. We disagree.

{¶ 16} Appellant does not put forth a structured argument in support of this assignment of error. She simply discusses the confusion regarding her mailing address, for which she blames appellee and, to a lesser degree, the trial court. Our review of the record indicates the trial court used at least eight different addresses for appellant throughout the life of this case, with varying results, and appellant never attempted to keep the trial court abreast of her correct mailing address. Appellant "bears the burden of formally notifying the court of a change of address; the clerk is not charged with the duty of perusing the record to ensure that a party's mailing address has not changed. This obligation applies equally to pro se litigants * * *. Given that informing the trial court of a new address is relatively simple, it follows that the burden of satisfying this requirement cannot be shifted to the opposing party or the trial court." (Internal quotations and citations omitted.) *State ex rel. Halder v. Fuerst*, 118 Ohio St.3d 142, 2008-Ohio-1968, ¶ 6; *Leader Ins. Co. v. Moncrief*, 10th Dist. No. 05AP-1289, 2006-Ohio-4232, ¶ 39. Appellant failed to keep the trial court informed of her correct address. Indeed, the address appellant used on the financial disclosure form she filed along with her notice of appeal is different than any address used in the other filings pertinent to this appeal. The burden of notifying the court of a change in address was appellant's alone. Thus, we observe no error stemming from the confusion regarding appellant's address.

{¶ 17} Appellant also complains she was prevented from objecting since the trial court adopted the magistrate's decision the same day it was issued. Appellant is mistaken; the trial court's decision was rendered nine days later. Regardless, the trial

court's orders directed appellant's attention to Civ.R. 53, her opportunity to object to the magistrate's decision, and the consequences of a failure to object. Additionally, the trial court's Loc.R. 9, which appellant cites in her assignment of error, directs appellant to Civ.R. 53 and her opportunity to object. *See* Loc.R. 9 of the Franklin County Court of Common Pleas, Division of Domestic Relations ("A decision of a Domestic Magistrate may be reviewed by the assigned Judge of this Court by filing an objection in accordance with Rule 53 of the Ohio Rules of Civil Procedure."). Civ.R. 53 clearly communicates that objections are required in order to preserve issues for appeal (except for claims of plain error), and the rule does not require objections to be filed before the magistrate's decision is adopted by the trial court. Civ.R. 53(D)(3)(b)(iv), (a)(iii), and (b)(i) ("A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period.").

{¶ 18} We note, due to an initial failure of service, appellant did not receive the magistrate's decision and the trial court's judgment entry in a timely manner. Appellant does not dispute that she received the orders pursuant to the subsequent attempt at service. We have recognized, in the unusual circumstance that a magistrate's decision is served in an untimely manner, "Civ.R. 53(D)(5) provides that either party may, 'for good cause shown,' move the trial court to set aside the magistrate's decision or to extend the time for filing objections to the report." *Watley v. Dept. of Rehab. & Corr.*, 10th Dist. No. 06AP-1128, 2007-Ohio-1841, ¶ 10, citing the Staff Notes to Civ.R. 53(D)(5) (" ' "Good cause" would include the failure of a party to receive timely service of the magistrate's order or decision.' "). Appellant should have filed objections or moved the trial court for an extension of time to do so, pursuant to Civ.R. 53(D)(5), after receiving the magistrate's decision and the judgment entry adopting the decision. *Id.* at ¶ 12. Appellant was not denied her opportunity to object. Accordingly, appellant's sixth assignment of error is overruled.

{¶ 19} Under appellant's first assignment of error, she argues the trial court erred by denying her motion to dismiss appellee's motion to modify parental rights, and by denying her corresponding motion for an award of attorney fees. We disagree.

{¶ 20} Appellant's motion to dismiss was essentially a memorandum in opposition to appellee's motion to modify the parties' parental rights. Appellant's motion contains her version of the facts relating parenting time between appellee and their children. The magistrate held a three-day hearing on matters, including the motions at issue in this assignment of error, during which appellant and appellee both testified and presented evidence. The magistrate was in the best position to assess the credibility of both parties with regard to their version of the facts. Without the benefit of a transcript of the hearing, we must presume the validity of the proceedings below. *Black* at ¶ 39, citing *Knapp* at 199. We can only review the magistrate's decision for plain error. In the decision, the magistrate commented, "[appellant's] testimony was less than credible." (Magistrate's Decision, 6.) Regarding appellant's motion for an award of attorney fees, the magistrate noted, "[appellant] did not present any evidence to support her motion." (Magistrate's Decision, 9.) Under these circumstances, we find appellant's motions were properly denied. There is no plain error. Accordingly, appellant's first assignment of error is overruled.

{¶ 21} Under appellant's second assignment of error, she argues the trial court erred by "not obtaining the recommendation regarding the minor children's counseling," and by not considering all the relevant factors in determining the best interest of the children. We disagree.

{¶ 22} Appellant references the magistrate's September 24, 2013 order regarding counseling in support of this assignment of error. That order was issued on the final day of the hearing before the magistrate; therefore, the magistrate could not have considered a report or recommendation from a counselor the children may have seen pursuant to that order. Nothing in the record indicates that the parties complied with the order and took the children to counseling. Furthermore, the magistrate noted in her decision that neither party requested a psychological evaluation, and our review of the magistrate's decision does not reveal any unaddressed psychological concerns. This portion of appellant's assignment of error is without merit. Appellant's subsequent contention that the trial court erred in determining the best interest of the children is based on appellant's personal assessment of what is in the best interest of the children. She supports her position by referencing testimony allegedly given during the hearing before the

magistrate; however, as we explained above, we cannot consider the transcript of the hearing. Our review of the magistrate's decision reveals the magistrate complied with the law in identifying and evaluating the factors pertinent to determining the children's best interest. We find no plain error. Accordingly, appellant's second assignment of error is overruled.

{¶ 23} Under appellant's third assignment of error, she argues the trial court erred by reducing appellee's child support obligation without cause and against the best interest of the children. We disagree.

{¶ 24} Appellant does not present any argument specific to the magistrate's modification of child support. Appellant certainly has not identified plain error on the face of the magistrate's decision that undermines the "basic fairness, integrity, or public reputation of the judicial process." *Goldfuss* at syllabus; *see PHH Mtge. Corp.* at ¶ 10. Our review of the magistrate's decision reveals an analysis of the parties' financial situations as reflected on a child support worksheet. The magistrate found the "child support per the worksheet is appropriate and in the best interests of the minor children." (Magistrate's Decision, 9.) We cannot review the worksheet itself because it is an exhibit filed along with the transcript of the proceedings before the magistrate. We find no plain error in the magistrate's decision regarding child support. Accordingly, appellant's third assignment of error is overruled.

{¶ 25} Under appellant's fourth assignment of error, she argues the trial court erred by granting appellee access to her home during visitation, although the court was aware of domestic violence and stalking issues that created fear and concern for appellant's safety. We disagree.

{¶ 26} The trial court did not grant appellee access to appellant's home. The magistrate's decision mandates that all child exchanges are to be "curb side," and neither party is to exit his or her vehicle during the exchanges. (Magistrate's Decision, 12.) Although appellant alleges the trial court was aware of domestic violence and stalking issues, the magistrate's decision does not reflect that appellant brought concerns about her safety to the magistrate's attention, and without the benefit of a transcript, we must presume the validity of the magistrate's proceedings. We find no plain error. Accordingly, appellant's fourth assignment of error is overruled.

{¶ 27}  Under appellant's fifth assignment of error, she argues the trial court erred by finding her in contempt "when no evidence was presented showing appellant obstructed visitation, except unsupported oral testimony by the appellee."  We disagree.

{¶ 28} Appellant's assertion is contradicted by the record.  The magistrate found appellant in contempt based on her own admissions that she withheld parenting time, and her failure to establish a viable defense to her actions. Appellant places blame on appellee, claiming he did not fulfill his obligations with regard to parenting time. However, to the extent there was competing testimony on the issue at the hearing, the magistrate was in the best position to assess the parties' credibility.  We cannot review the transcript of the proceedings before the magistrate, and we presume the validity of those proceedings.  *Black* at ¶ 39, citing *Knapp* at 199.  Appellant has not identified plain error in the magistrate's decision, and we find none.  Accordingly, appellant's fifth assignment of error is overruled.

## V. APPELLANT'S PENDING MOTION TO STAY

{¶ 29} On August 6, 2014, appellant moved this court to stay the trial court's orders underlying this appeal.  In her motion, appellant alleges a number of errors by the trial court, which have either been considered above, or should have been included in appellant's assignments of error in order to be properly considered.  Having overruled all of appellant's assignments of error, the basis for appellant's motion is eliminated. Accordingly, the motion is denied.

## VI. CONCLUSION

{¶ 30} For the foregoing reasons, appellant's six assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Motion denied;*
*judgment affirmed.*

SADLER, P.J., and DORRIAN, J., concur.