[Cite as *Tucker v. Hines*, 2020-Ohio-1086.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Tucker, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-375 |
| v. | : | (C.P.C. No. 15JU-12201) |
| Tasha Hines, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 24, 2020

**On brief**: *Cynthia M. Roy*, for appellee. **Argued**: *Cynthia M. Roy*.

**On brief**: *Petroff Law Offices, LLC*, and *Christopher L. Trolinger*, and *Erika M. Smitherman*, for appellant. **Argued**: *Christopher L. Trolinger*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

BROWN, J.

{¶ 1} Tasha Hines ("mother"), defendant-appellant, appeals from the judgment entry of the Franklin County Common Pleas Court, Division of Domestic Relations, Juvenile Branch, in which the court issued a decision with regard to allocation of parental rights and responsibilities and child support.

{¶ 2} Mother and Michael Tucker ("father"), plaintiff-appellee, were never married but have three children together, who were 5, 6, and 11 years old at the time of trial. On August 23, 2012, an administrative child support order was issued, ordering father to pay child support to mother of $1,000.73 per month when health insurance is available and $1,020.74 per month when health insurance is not available.

{¶ 3} According to father's affidavit in support of temporary orders, father was terminated from his job as a Columbus police officer after he falsified a report. According to the child support computation worksheet attached to the magistrate's decision, at the time of his termination, he earned $78,388 per year as a police officer.

{¶ 4} On October 2, 2015, father filed a complaint for allocation of parental rights and responsibilities. A trial was held before the magistrate on various dates from January to June 2017. According to the child support computation worksheet attached to the magistrate's decision, at the time of trial, father was earning $33,200 per year working for Sherwin-Williams. Mother was earning $58,593 per year at Central Ohio Transit Authority. On February 23, 2017, mother filed a motion to interview all three children. The magistrate interviewed only the oldest child on October 6, 2017.

{¶ 5} On May 18, 2018, the magistrate issued a decision in which the magistrate ordered shared parenting and designated father the school placement parent. The magistrate found that father established a change in circumstances sufficient to modify child support as a result of his decrease in income. The magistrate ordered mother, as the higher earning parent, to pay father child support. For the period March 15, through August 14, 2017, the magistrate ordered mother to pay father $781.51 per month for child support when private health insurance is in effect, and $635.74 per month, plus $203.94 per month in cash medical support, when private health insurance is not in effect. Effective August 15, 2017, the magistrate ordered mother to pay father $617.23 per month for child support when private health insurance is in effect, and $620.57 per month, plus $225.75 per month in cash medical support, when private health insurance is not in effect, which were downward deviations from the child support worksheet based upon equal shared parenting time. Neither mother nor father filed objections to the magistrate's decision, and the trial court adopted the decision on May 18, 2018. Mother has appealed the trial court's judgment, asserting the following four assignments of error:

> [I.] THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO FIND APPELLEE VOLUNTARILY UNDEREMPLOYED.
>
> [II.] THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO IMPUTE APPELLEE TO HIS PRIOR INCOME OF $78,388.

[III.] THE TRIAL COURT COMMITTED PLAIN ERROR BY FINDING A CHANGE IN CIRCUMSTANCES FOR PURPOSES OF MODIFYING CHILD SUPPORT DUE TO A CHANGE IN APPELLEE'S INCOME.

[IV.] THE TRIAL COURT ERRED WHEN IT FAILED TO INTERVIEW THE CHILDREN WITHOUT REQUISITE INQUIRY AND FINDINGS AS TO THE CHILDREN'S REASONING ABILITY AND SUCH IS PLAIN ERROR.

{¶ 6} Before addressing mother's assignments of error, we must address two matters. First, as mother acknowledges, mother failed to file any objections to the magistrate's decision. Juv.R. 40(D)(3)(b)(i) provides that a party may file written objections to a magistrate's decision within 14 days after that decision is filed. However, a party who fails to timely object to a magistrate's decision is limited by operation of Juv.R. 40(D)(3)(b)(iv) to claims of plain error on appeal. We note further the magistrate's decision satisfies the requirements of Juv.R. 40(D)(3)(a)(iii) by conspicuously stating that the parties were prohibited from assigning on appeal the court's adoption of any factual finding or legal conclusion unless the party specifically objected as required by Juv.R. 40(D)(3)(b). Thus, because mother did not object to the magistrate's decision, she waived all but plain error.

{¶ 7} To constitute plain error, the error must be obvious on the record. *See State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995). In the context of a civil appeal, "an appellate court only applies the plain-error doctrine if the asserted error 'seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' " *Claffey v. Natl. City Bank*, 10th Dist. No. 11AP-95, 2011-Ohio-4926, ¶ 15, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 123 (1997). Notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *State v. Phillips*, 74 Ohio St.3d 72, 83 (1995).

{¶ 8} Furthermore, with her appeal in this court, mother has filed a transcript of the proceedings before the magistrate. However, because mother failed to file objections to the magistrate's decision, the trial court did not have a transcript of the proceedings before the magistrate when it adopted the magistrate's decision. This court has addressed the same situation, finding:

> Finally, a transcript of the proceedings before the magistrate is part of the record on appeal; however, the transcript was not before the trial court when it adopted the magistrate's decision. "Appellate review is limited to the record as it existed at the time the trial court rendered its judgment." *Franks v. Rankin*, 10th Dist. No. 11AP-934, 2012-Ohio-1920, ¶ 73, citing *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 13; *Wallace v. Mantych Metalworking*, 189 Ohio App.3d 25, 2010-Ohio-3765, ¶ 10, 937 N.E.2d 177 (2d Dist.). " 'A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' " *Id.*, quoting *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. Therefore, we will not consider the transcript in ruling on appellant's assignments of error. " ' "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." ' " *Black v. Columbus Sports Network, LLC*, 10th Dist. No. 13AP-1025, 2014-Ohio-3607, ¶ 39, quoting *Estate of Stepien v. Robinson*, 11th Dist. No. 2013-L-001, 2013-Ohio-4306, ¶ 29, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

*Blevins v. Blevins*, 10th Dist. No. 14AP-175, 2014-Ohio-3933, ¶ 14. *See also Townsend v. Phimmasone Phommarath*, 10th Dist. No. 10AP-598, 2011-Ohio-1891, ¶ 7-9 (when plaintiff failed to file objections pursuant to Juv.R. 40(D)(3)(b) and the trial court did not have the opportunity to review the transcript as part of determining whether to adopt the magistrate's decision, this court is precluded from considering the transcript on appeal). Other courts have held similarly. *See Meeker v. Howard*, 7th Dist. No. 17 JE 0013, 2017-Ohio-9410, ¶ 21-24 (where trial court struck appellant's improper objections and no transcript of the magistrate's hearing was ever filed before the trial court, but appellant did file a transcript with the appellate court, the appellate court could not consider the transcript because an appellate court cannot add matter to the record before it, which was not a part of the trial court's proceedings); *J.S. v. T.S.*, 5th Dist. No. 16CA18, 2017-Ohio-1042, ¶ 22 (where the appellant filed no objections or transcript of the magistrate's hearing with the trial court, but filed a transcript with the appellate court, the appellate court cannot consider the transcript, and the magistrate's findings of fact are considered established and

not subject to attack on appeal); *A.A. v. F.A.*, 5th Dist. No. 18 CAF 10 0079, 2019-Ohio-1706, ¶ 16-18 (appellant's failure to file a transcript of the hearing before the magistrate with the trial court or file objections, precludes the appellate court from considering the transcript, and the magistrate's findings of fact are considered established). Therefore, in the present case, because mother failed to file objections and a transcript of the magistrate's proceedings with the trial court, we may not consider the transcript on appeal and must review her assignments of error only for error of law.

{¶ 9}   It is with these precepts in mind that we proceed to mother's assignments of error. We will address mother's first, second, and third assignments of error together, as they are related. In her first assignment of error mother argues the trial court committed plain error when it failed to find father was voluntarily underemployed. Mother asserts father was voluntarily underemployed due to his own misconduct and bad actions, which resulted in his termination from employment as a police officer. Mother argues in her second assignment of error that the trial court committed plain error when it found father's income was $31,200 based upon his current employment with Sherwin-Williams and failed to impute his prior income of $78,388 before his termination as a police officer.  Mother argues in her third assignment of error that the trial court committed plain error when it found a change in circumstances based upon father's change in income. Mother contends that father's voluntary underemployment does not constitute a change in circumstances sufficient to warrant the modification of a child support order.

{¶ 10} Unfortunately, neither party filed a request for findings of fact and conclusions of law with the magistrate. Although the magistrate indicated she included some findings and conclusions in her decision to provide guidance to the reviewing court, the magistrate's decision contains none of the facts relied upon by mother in her current arguments. The magistrate does not mention father's prior employment, his misconduct, or his termination from that prior employment. The trial court did order that, lacking any evidence of father's income while he was unemployed from January 1, 2016 until he gained employment with Sherwin-Williams on March 15, 2017, father should have his "previous income" imputed for this period of unemployment. However, the magistrate does not mention any contention by mother that father's income from his prior employment should have been imputed to him for the period when he was employed with Sherwin-Williams.

There is simply nothing in the magistrate's decision that addresses these issues or provides any factual basis for questioning the magistrate's determination. After a review of the magistrate's decision and the limited facts contained therein, we cannot find any plain error in the magistrate's computation of father's income during his period of employment with Sherwin-Williams or in the magistrate's failure to find father was voluntarily underemployed. For these reasons, we overrule mother's first, second, and third assignments of error.

{¶ 11} Mother argues in her fourth assignment of error the trial court committed plain error when it interviewed only the oldest child, who was 11 years old, and failed to interview the other two children, who were 5 and 6 years old, without the required inquiry into their reasoning ability. Mother maintains the trial court should have undertaken an inquiry as to whether the two younger children could express their wishes or had sufficient reasoning ability. Mother contends that R.C. 3109.04(B)(2)(b) does not provide the court with any discretion whether to conduct an interview to determine the reasoning ability of the children.

{¶ 12} R.C. 3109.04(B)(1) provides that "[i]n determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation." R.C. 3109.04(B)(2)(b) provides that, if the court interviews any child pursuant to R.C. 3108.04(B)(1):

> The court first shall determine the reasoning ability of the child. If the court determines that the child does not have sufficient reasoning ability to express the child's wishes and concern with respect to the allocation of parental rights and responsibilities for the care of the child, it shall not determine the child's wishes and concerns with respect to the allocation. If the court determines that the child has sufficient reasoning ability to express the child's wishes or concerns with respect to the allocation, it then shall determine whether, because of special circumstances, it would not be in the best interest of the child to determine the child's wishes and concerns with respect to the allocation. If the court determines that, because of special circumstances, it would not be in the best interest of the child to determine the child's wishes and concerns with respect to the

allocation, it shall not determine the child's wishes and concerns with respect to the allocation and shall enter its written findings of fact and opinion in the journal. If the court determines that it would be in the best interests of the child to determine the child's wishes and concerns with respect to the allocation, it shall proceed to make that determination.

{¶ 13} In the present case, again, unfortunately, the magistrate's decision does not reveal any factual findings related to this issue. The magistrate does mention in a single sentence that she interviewed the oldest child, in camera, and the record includes mother's February 23, 2017 motion for in camera interview of all three children. However, there is no discussion of the issue in the decision.

{¶ 14} Nevertheless, due to our inability to consider the transcript, we do not know whether mother renewed her request for an interview at trial or, more importantly, whether mother agreed that only the oldest child would be interviewed, thereby waiving the issue for purposes of appeal. The Ninth Appellate District addressed a scenario where a father had filed a motion for in camera interview of the subject child, but never renewed his request at trial. *See Schmitt v. Ward*, 9th Dist. No. 27805, 2016-Ohio-5693. In *Schmitt*, the court held:

> [E]ven if a party has filed a written motion for an in camera interview of the parties' minor child under Section 3109.04(B)(1), the party must raise the issue at trial in order to preserve it for appeal. *Miracle v. Allen*, 9th Dist. Lorain No. 05CA008843, 2006-Ohio-5063, ¶ 6. A party that fails "to raise the issue of the trial court's failure to interview the minor child at a time when the trial court could have corrected the error," forfeits the issue for purposes of appeal. *Id.*

*Id.* at ¶ 16. *See also In re M.H.*, 8th Dist. No. 107612, 2019-Ohio-2439, ¶ 37-38 (because the mother did not renew her request for in camera interview of the children at trial, she waived the issue).

{¶ 15} Given the state of the record before this court, our inability to determine whether mother raised her current arguments at trial when they could have been corrected, and that we are required to presume regularity in the proceedings, we can find no plain error in the trial court's decision to interview only the oldest child in camera. We also note that because the children's interests were already represented by the Guardian Ad Litem ("GAL"), there can be little prejudice in the trial court's failure to interview all three

children. *See M.H.* (noting that, even though mother waived the issue by failing to renew her request for in camera interview at trial, the GAL interviewed the children); *Brumfield v. Brumfield*, 3d Dist. No. 9-17-35, 2018-Ohio-901, ¶ 59 (although mother's failure to request in camera interview at the time of trial waived the issue, there could be little impact in the trial court's failure to interview the child when the child's interests were already represented by the GAL). For the foregoing reasons, we find the trial court did not commit plain error when it failed to interview all three children in camera. Mother's fourth assignment of error is overruled.

{¶ 16} Accordingly, we overrule mother's four assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

BRUNNER and BEATTY BLUNT, JJ., concur.

_____