[Cite as *Khasawneh v. Aldamen*, 2024-Ohio-937.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mysa Khasawneh, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 23AP-276 |
| v. | : | (C.P.C. No. 18DR-3240) |
| Mohmmad Aldamen, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

_____

D E C I S I O N

Rendered on March 14, 2024

_____

**On brief:** *Mohmmad Aldamen,* pro se.  **Argued:** *Mohmmad Aldamen.*

_____

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Mohmmad Aldamen, appeals from the April 18, 2023 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, finding him in contempt for failure to pay his child support obligation.  For the following reasons, we affirm.

## I.  FACTS AND PROCEDURAL OVERVIEW

{¶ 2} On March 17, 2021, the trial court entered a final judgment and decree of divorce, ending the almost 19-year marriage between Mr. Aldamen and plaintiff-appellee, Mysa Khasawneh.  Pursuant to that decree, Mr. Aldamen was ordered to pay his former wife monthly child support in the amount of $550 (plus processing), and monthly cash medical support in the amount of $50 (plus processing), for a total obligation of $600 per month plus 2 percent processing fee.  (*See* Mar. 17, 2021 Divorce Decree at 10-15; *see also* Mar. 17, 2021 Statutory Child Support Deviation Entry.)  This obligation took effect on

March 17, 2021, when the divorce decree was entered.  (*See* Divorce Decree at 13.)   There was no appeal from the divorce decree.[1]

**{¶ 3}**   On October 28, 2022, Ms. Khasawneh filed a motion for contempt against Mr. Aldamen for non-payment of child support in the amount ordered, in violation of the divorce decree.  The trial court referred the matter to a magistrate for a contempt hearing, which was held on January 25, 2023.

**{¶ 4}**   At the contempt hearing, Mr. Aldamen admitted he was aware of the divorce decree and its mandates, including the child support order. (*See* Apr. 18, 2023 Mag.'s Decision at 2.)  He further admitted he had not paid any child support since October 2021 and, as of January 24, 2023, had a past due unpaid balance of $26,958.76. (Mag.'s Decision at 2.)  Instead, Mr. Aldamen argued he should not be held in contempt of the child support order because evidence and testimony he presented at the hearing supported an inability-to-pay defense.  (*See* Mag.'s Decision at 3.)

**{¶ 5}**   On April 18, 2023, the magistrate issued a decision granting Ms. Khasawneh's contempt motion.  Specifically, the magistrate found Mr. Aldamen failed to present sufficient evidence to support his inability-to-pay defense. (Mag.'s Decision at 3.)  Based on the undisputed evidence and Mr. Aldamen's admissions concerning his failure to comply with his child support obligations, the magistrate found Mr. Aldamen in contempt of court and sentenced him to 30 days in jail with the opportunity to purge the contempt finding if he "liquidate[d] his total child support arrearage at the rate of 20% of the current child support order, plus processing charge, via wage or bank account withholding through the Franklin County Child Support Enforcement Agency, until his total child support arrearage is fully liquidate[d]." (Mag.'s Decision at 3-4.)  Mr. Aldamen did not order a transcript of the January 2023 hearing or file objections to the magistrate's decision.  Thus, the magistrate's decision was fully adopted by the trial court.

**{¶ 6}**   Mr. Aldamen appealed from the trial court's judgment entry adopting the magistrate's decision and asserts a sole assignment of error for our review:

> LOWER COURT ERRED AND ABUSED ITS DISCRETION
> WITH REGARDS TO DUE PROCESS. FOR FAILURE TO

---

[1] Although Mr. Aldamen initiated an appeal of the divorce decree to this court in case No. 21AP-148, that case was ultimately dismissed due to Mr. Aldamen's failure to timely file a merit brief that complied with the applicable rules.

LETTING ME PROSECTUTE MY CASE. LOWER COURT
ERRED IN DISMISSING ME, BY "CRIMINALIZING ME".

(Sic passim.)

## II. ANALYSIS

{¶ 7}   At the outset, we note that Mr. Aldamen makes allegations in his brief that fall outside the parameters of his assignment of error and the judgment on appeal. (*See* Appellant's Brief at 11.)  For instance, Mr. Aldamen alleges, without explanation, that he was "never able to prosecute [his] case" or "to express through free speech" his "account[] of what actually occurred." (Appellant's Brief at 3.)  He also suggests that the trial court's adoption of the magistrate's decision somehow constitutes an "egregious violation" of several canons in the Code of Judicial Conduct.[2]  (Appellant's Brief at 5.)  But this court only rules on assignments of error. App.R. 12(A)(1)(b) (requiring appellate courts to "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16").  Thus, we will not address mere arguments scattered throughout an appellant's brief when they bear no relation to the assignments of error before us. *See, e.g.*, *Blevins v. Blevins*, 10th Dist. No. 14AP-175, 2014-Ohio-3933, ¶ 12.  As such, we disregard his extraneous allegations which, we note, are not supported by the record properly before this court.[3] *See id.*

{¶ 8}   Also, Mr. Aldamen did not file objections to the magistrate's factual findings or legal conclusions as required by Civ.R. 53(D)(3)(b).  Thus, "[e]xcept for a claim of plain error," he is barred from assigning "as error on appeal the court's adoption of any factual finding or legal conclusion."  *See* Civ.R. 53(D)(3)(b)(iv).  Accordingly, we are limited to plain error review in this appeal.  *Blevins* at ¶ 13. Plain error is only found in the "exceptional circumstances where error, to which no objection was made at the trial court,

---

[2] Judicial-misconduct complaints are heard by the Board of Professional Conduct and ultimately decided by all members of the Supreme Court of Ohio. *In re Disqualification of Gallagher*, ___ Ohio St.3d ___, 2023-Ohio-2977, ¶ 39, citing *In re Disqualification of Burge*, 142 Ohio St.3d 57, 2014-Ohio-5871, ¶ 4.

[3] The final divorce decree was entered on March 17, 2021. Although Mr. Aldamen timely appealed from that judgment in case No. 21AP-148, we dismissed that case on procedural grounds on June 16, 2021 and Mr. Aldamen did not seek further appeal to the Supreme Court. The divorce decree, therefore, was final, and any attempt to re-litigate issues pertaining to the divorce decree is barred by res judicata. Accordingly, to the extent Mr. Aldamen seeks to relitigate or collaterally attack the March 2021 divorce decree in this appeal, any such challenge is not properly before this court.

seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. *See also State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 31-55 (comparing more exacting civil plain error standard to criminal plain error review).

{¶ 9} But, Mr. Aldamen does not claim the trial court committed plain error. Nor does he formulate a legal argument for plain error review. As noted by the Supreme Court of Ohio, " 'justice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination.' " *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 19, quoting *Sizemore v. Smith*, 6 Ohio St.3d 330 (1983), fn. 2. Since Mr. Aldamen did not raise any objections for the trial court to consider and he has failed to brief or argue that plain error exists on appeal, all three are lacking in this case.

{¶ 10} It is not within our role as an appellate court to construct a legal argument for Mr. Aldamen as to why this case satisfies the civil plain error standard. *See*, *e.g.*, *State v. England*, 10th Dist. No. 05AP-793, 2006-Ohio-5087, ¶ 16-17; *Walsh v. Walsh*, 8th Dist. No. 112341, 2023-Ohio-1675, ¶ 9-11. Nor could we since the transcript from the January 2023 contempt hearing is not in the record before us.

{¶ 11} "[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13. Indeed, App.R. 9 requires an appellant to submit to the appellate court a transcript of the trial court proceedings the appellant deems necessary for the appellate court's review. App.R. 9(B). *See also Elhag v. Babiker*, 10th Dist. No. 19AP-117, 2019-Ohio-3912, ¶ 7. However, if no transcript is available, App.R. 9(C) and (D) provide alternatives for the appellant. *See id.*

{¶ 12} Nothing in the record before us indicates that a transcript of the January 2023 hearing would not have been available to Mr. Aldamen had he requested it. In fact, nothing in the record suggests a transcript for that hearing was ever requested. If a transcript of the hearing was not available, then Mr. Aldamen had a duty to either prepare and file a statement of the evidence under App.R. 9(C) or to obtain and submit an agreed statement under App.R. 9(D). *See* App.R. 9(B)(4). But, Mr. Aldamen did neither.

{¶ 13}  In the absence of a complete transcript of the proceedings, a statement of the evidence pursuant to App.R. 9(C), or an agreed statement pursuant to App.R. 9(D), an appellate court has no alternative but to indulge the presumption of the regularity of the proceedings and the validity of the judgment in the trial court.  *See, e.g., Ostrander v. Parker-Fallis Insulation Co., Inc.*, 29 Ohio St.2d 72, 74 (1972).  Furthermore, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). *See also J. Griffin Ricker Assocs., L.L.C. v. Well*, 10th Dist. No. 21AP-29, 2022-Ohio-1470, ¶ 17-18 (noting that "the lack of the transcript independently support[ed] overruling" appellant's assignment of error). Because the appellate record does not include a transcript of the contempt proceedings or an acceptable alternative under App.R. 9(C) or (D), we must presume the regularity of the trial court's proceedings and ruling, and affirm its April 18, 2023 judgment.

{¶ 14}  For all of these reasons, Mr. Aldamen's sole assignment of error is overruled.

## III.  CONCLUSION

{¶ 15}  Having overruled Mr. Aldamen's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

DORRIAN and BEATTY BLUNT, JJ., concur.