[Cite as *In re G.B.*, 2024-Ohio-5927.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: [G.B.], | : | |
| Alleged Neglected/Dependent Minor, | : | No. 24AP-97 |
| | | (C.P.C. No. 23JU-10419) |
| [T.H.], | : | |
| | | (REGULAR CALENDAR) |
| Appellant. | : | |

---

D E C I S I O N

Rendered on December 19, 2024

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *William T. Cramer*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

LELAND, J.

{¶ 1} Appellant, T.H. ("mother"), appeals from the judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which the trial court issued an order granting legal custody of her child, G.B., to G.B.'s maternal grandmother.

**I. Facts and Procedural History**

{¶ 2} On October 16, 2023, a complaint was filed in the trial court seeking a grant of legal custody of G.B. to her maternal grandmother. The complaint included three causes of action that asserted G.B. was a neglected child pursuant to R.C. 2151.03(A)(2) and (3) as well as a dependent child pursuant to R.C. 2151.04(C).

{¶ 3} The complaint alleged the following facts. G.B. was ten years of age at the time the complaint was filed. Mother is not married to the alleged father of G.B., V.R., and his whereabouts are unknown. Franklin County Children Services ("FCCS") received a

report on March 31, 2022 indicating G.B. has a serious medical condition that causes seizures and therefore necessitates the administration of anti-seizure medication. According to the complaint, the medication must be administered once G.B. has undergone a seizure for five minutes—given too early, G.B. could develop a tolerance for the medication; given too late, G.B. could suffer "brain damage or death." (Compl. at 1.) Mother allegedly "refused to provide [G.B.] with her anti-seizure medication" for more than six months. (Compl. at 1.) Though mother asked for a second opinion from Boston Children's Hospital, the complaint claims she did not respond to calls or letters when that hospital attempted to follow up. It is recommended that patients with G.B.'s condition attend a medical appointment every three to six months, but G.B. has not visited Nationwide Children's Hospital since February 21, 2020—well over three and one-half years at the time the complaint was filed. G.B. was hospitalized for a seizure in April 2021, and doctors then determined she had not been taking her prescribed medication. Mother was compliant around 2018 with G.B.'s treatment, but sometime in 2019 to 2020 she began to disengage and exhibit paranoid behavior. Mother resisted the involvement of caseworkers and has been uncooperative in efforts to treat G.B.'s condition. On August 29, 2023, the trial court granted FCCS temporary custody of G.B., and she now resides with her maternal grandmother. The complaint claims G.B.'s grandmother takes G.B. to all scheduled medical appointments and provides her with her prescribed medication. Mother has been having in-person and video visits with G.B., but refuses to work on the case plan or provide caseworkers with her residential address. Finally, the complaint requested an order finding G.B. to be a neglected and dependent child and granting legal custody of G.B. to her maternal grandmother.

{¶ 4} On October 17, 2023, the trial court's magistrate granted temporary custody of G.B. to FCCS pending a hearing in the matter. On January 9, 2024, G.B.'s guardian ad litem submitted a report recommending the trial court grant legal custody of G.B. to her maternal grandmother.

{¶ 5} A hearing was held before the magistrate on January 12, 2024. Informal sworn testimony was provided by Mary Birch, a clinical medical social worker at Nationwide Children's Hospital, and D'Treal Bennett, a caseworker. On January 12, 2024, the magistrate issued a decision finding that a grant of legal custody of G.B. to her maternal

grandmother was in G.B.'s best interest. Accordingly, the magistrate awarded legal custody of G.B. to her maternal grandmother. Mother did not file objections, and the trial court adopted the magistrate's decision and entry on January 31, 2024. On February 6, 2024, mother filed a notice of appeal. Mother did not file a transcript with the trial court until March 18, 2024.

## II. Assignment of Error

{¶ 6} Mother presents the following sole assignment of error for our review:

> A finding of medical neglect was not proven by clear and convincing evidence where mother refused to provide her child with medication that was not approved by the FDA for use on children and was likely to result in a poor quality of life.

## III. Analysis

{¶ 7} Before addressing the assignment of error, we must contend with two procedural matters. First, mother failed to file objections to the magistrate's decision. "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision." Juv.R. 40(D)(3)(b)(i). "Except for a claim of plain error," a party that does not object to a magistrate's decision "shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion." Juv.R. 40(D)(3)(b)(iv). The magistrate's decision here complied with Juv.R. 40(D)(3)(a)(iii) by conspicuously informing the parties that they waive all but plain error in the event they fail to specifically object to a factual finding or legal conclusion. Thus, because mother did not object to the magistrate's decision, she waived all but plain error.

{¶ 8} To constitute plain error, the error must be obvious on the record. *See State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist.1995). In civil appeals, "an appellate court only applies the plain-error doctrine if the asserted error 'seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' " *Claffey v. Natl. City Bank*, 10th Dist. No. 11AP-95, 2011-Ohio-4926, ¶ 15, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 123 (1997). "Notice of plain error * * * applies only under exceptional circumstances to prevent a manifest miscarriage of justice." *State v. Phillips*, 74 Ohio St.3d 72 (1995), citing *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶ 9} The second procedural matter involves the transcript of the January 12, 2024 hearing held before the magistrate. Mother filed that transcript in this court along with her appeal, and she also filed the transcript with the trial court more than one month after filing her notice of appeal. Due to mother's failure to file objections to the magistrate's decision, however, the transcript was not in the record at the time the trial court adopted the magistrate's decision. An appellate court may review the record only "as it existed at the time the trial court rendered its judgment." (Internal quotations omitted.) *Tucker v. Hines*, 10th Dist. No. 18AP-375, 2020-Ohio-1086, ¶ 8, quoting *Blevins v. Blevins*, 10th Dist. No. 14AP-175, 2014-Ohio-3933, ¶ 14, quoting *Franks v. Rankin*, 10th Dist. No. 11AP-934, 2012-Ohio-1920, ¶ 73, citing *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 13. Because the trial court did not have access to the transcript when it adopted the magistrate's decision, we may not consider the transcript in our review. *Id.*, quoting *Blevins*, *Franks*, and *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. In cases where the transcript is necessary to decide the assignment of error before us, we are obligated to presume the validity of the trial court's proceedings and affirm its decision. *Id.*, quoting *Blevins* at ¶ 14, quoting *Black v. Columbus Sports Network, L.L.C.*, 10th Dist. No. 13AP-1025, 2014-Ohio-3607, ¶ 39, quoting *Estate of Stepien v. Robinson*, 11th Dist. No. 2013-L-001, 2013-Ohio-4306, ¶ 29, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). In the instant case, because mother failed to timely file objections and a transcript with the trial court, we may not consider the transcript on appeal. Therefore, we review her assignment of error only for error of law.

{¶ 10} Mother's contention on appeal is that a finding of medical neglect was not proven by clear and convincing evidence. Mother may in fact have a legitimate concern about the medications and treatments used to address her daughter's condition. Review of this assignment of error, however, requires an in-depth analysis of the facts in the record. As previously stated, this court is limited to a plain error review and may not consider the transcript. Furthermore, the magistrate's decision contains no statement of facts, declaring its conclusions of law without elaboration. Mother's failure to object to the magistrate's decision, and the corresponding lack of a transcript, stymies our ability to assess the substance of her allegations. The transcript being necessary to adequately address mother's assignment of error, we must presume the validity of the trial court's proceedings and

affirm.  *See Tucker* at ¶ 8.  We find no plain error on the limited record available to us.  Accordingly, we overrule mother's sole assignment of error.

**IV. Conclusion**

{¶ 11}  Based on the foregoing, we overrule mother's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

LUPER SCHUSTER and BEATTY BLUNT, JJ., concur.

———————————