[Cite as *Jackson v. Tyler*, 2026-Ohio-1435.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jessica L. Jackson, | : | |
| Plaintiff-Appellant, | : | No. 25AP-662 |
| | | (C.P.C. No. 24JU-6866) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Rajael H. Tyler, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 21, 2026

**On brief:** *Jessica L. Jackson*, pro se. **Argued:** *Jessica L. Jackson*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

LELAND, J.

{¶ 1} Plaintiff-appellant, Jessica L. Jackson, challenges the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adopting a July 16, 2025 magistrate's decision that ordered defendant-appellee, Rajael H. Tyler, to pay child support.

I. **Facts and Procedural History**

{¶ 2} On July 1, 2024, appellant filed a complaint against appellee in the trial court seeking child support and designation as the sole residential parent and legal custodian of the parties' minor child, J.J. The complaint indicated paternity had not yet been established. On October 29, 2024, appellant filed an amended complaint seeking to establish paternity, in addition to the requests of the original complaint. On March 12, 2025, the court ordered genetic testing for appellee and J.J. On May 6, 2025, the court's

magistrate held a hearing on J.J.'s parentage and living arrangement. On July 8, 2025, the magistrate held a hearing on the issue of child support. The magistrate filed two separate decisions on July 16, 2025. The decision related to the May 6, 2025 hearing established appellee's parentage of J.J., granted appellant's request to be named J.J.'s sole residential parent and legal custodian, and granted appellee parenting time. The decision, related to the July 8, 2025 hearing, ordered appellee to pay child support in the amount of about $140 per month. Neither party filed objections to the magistrate's decisions. In two separate orders filed August 6, 2025, the court adopted the magistrate's decisions as its own and entered final judgment.

{¶ 3} Appellant timely appealed.

## II. Assignments of Error

{¶ 4} Appellant assigns the following as errors for our review:

> [I.] The court erred in predicating a ruling that excluded evidence after Plaintiff's offer of proof, which was not found inadmissible by the court.

> [II.] The Plaintiff [sic] and his counsel knowingly lied under oath.

## III. Discussion

{¶ 5} Both of appellant's assignments allege error on the basis of testimony at the July 8, 2025 hearing before the magistrate. We consider these assignments of error together.

{¶ 6} Appellant did not file objections to the magistrate's decision relating to the July 8, 2025 hearing. As a result, the trial court record did not contain the transcript of that hearing when the court adopted the magistrate's decision. "An appellate court may review the record only as it existed at the time the trial court rendered its judgment." (Internal quotation marks omitted.) *In re G.B.*, 2024-Ohio-5927, ¶ 9 (10th Dist.); *see Tucker v. Hines*, 2020-Ohio-1086, ¶ 8 (10th Dist.); *Townsend v. Phommarath*, 2011-Ohio-1891, ¶ 7-9 (10th Dist.). Just as the court did not have the transcript of the July 8, 2025 magistrate's hearing when it adopted the magistrate's decision, we will not consider the transcript in our review. *G.B.* "In cases where the transcript is necessary to decide the assignment of error before us, we are obligated to presume the validity of the trial court's proceedings and affirm its decision." *Id.*

{¶ 7} Additionally, appellant's failure to object to the magistrate's decision results in a waiver of "all but plain error in the trial court's decision." *Townsend* at ¶ 8; Juv.R. 40(D)(3)(b)(iv). "The plain error doctrine originated as a criminal law concept," so we apply it in the civil context only "with the utmost caution," and only to "those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson*, 1997-Ohio-401, ¶ 24; *see In re Estate of Fogle*, 2026-Ohio-911, ¶ 23 (10th Dist.).

{¶ 8} Neither of appellant's assignments of error assert plain error, and, because she waived all but plain error by failing to object to the magistrate's decision, we must overrule them both. Even if appellant did allege plain error on appeal, the record does not contain a transcript of the magistrate's hearing. This thwarts our review of the purported errors in the magistrate's hearing and requires that we presume the validity of the trial court's proceedings. *G.B.* at ¶ 9. Accordingly, we overrule the first and second assignments of error.

## IV. Conclusion

{¶ 9} Based on the foregoing, we overrule both of appellant's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

DORRIAN and JAMISON, JJ., concur.

_____