OPINION
{¶ 1} Defendant-appellant, John Q. Dunlap, appeals from two separate entries: (1) a journal entry denying appellant's "Motion to Amend Nunc Pro Tunc," and (2) a journal entry denying appellant's motion for "Violations of the Fifth, Sixth, Fourteenth Amendment, Criminal Rules Violated 5, 6, 7, 10, 11, 14, 16, 17(C), 23(C), 24, (A)(B)(C)(D), 29, Post Sentence Withdraw of Judge Trial and Guilty Withdraw of All Continuances For Abuse of the Judges Discretion." For the following reasons, we affirm the judgments of the trial court.
 {¶ 2} On July 1, 2002, appellant was indicted by the Franklin County Grand Jury and charged with discharging a firearm into a habitation, a felony of the second degree (including specifications for using a firearm in the commission of a felony and discharging a firearm from a motor vehicle), failure to comply with an order of a police officer, a felony of the fourth degree, attempted burglary, and having a weapon while under a disability, felonies of the fifth degree.
 {¶ 3} On February 26, 2003, appellant waived his right to trial by jury and consented to trial by the court. After two court-ordered competency evaluations, the trial court determined appellant competent to stand trial. The trial court found appellant guilty of all charges. Appellant received a sentence of three years for the crime of discharging a firearm at or into a habitation, consecutive to a mandatory three-year sentence for use of a firearm in the commission of a felony, and consecutive to five years for discharging a firearm from a motor vehicle. The trial court imposed concurrent prison terms of 12 months for failure to comply with an order or signal of a police officer, 11 months for attempted burglary, and 11 months for having a weapon while under disability. In total, appellant received an 11-year prison sentence.
 {¶ 4} Appellant appealed his conviction and sentence asserting he received ineffective trial counsel and challenging the sufficiency and weight of the evidence presented against him. Appellant's conviction and sentence were affirmed on appeal inState v. Dunlap, Franklin App. No. 03AP-481, 2003-Ohio-6830.
 {¶ 5} Subsequently, appellant filed a number of motions in the trial court including a motion for new trial, a motion to dismiss and a pleading the trial court treated as a petition for post-conviction relief pursuant to R.C. 2953.21. The trial court denied all of these motions.
 {¶ 6} On January 28, 2005, appellant, acting pro se, filed a pleading entitled in part "Post Sentence Withdraw of Judge Trial and Guilty Withdraw of All Continuances For Abuse of the Judges Discretion." In this pleading appellant contended he did not knowingly and intelligently waive his right to a jury trial. He also asked to withdraw his guilty plea and any continuances he requested. On February 16, 2005, appellant filed a second pleading entitled "Motion to Amend Nunc Pro Tunc," wherein appellant requested the trial court to dismiss his case for a variety of reasons, including alleged lack of jurisdiction, failure to comply with speedy trial provisions and judicial bias. In separate journal entries filed on March 3, 2005, the trial court denied both of appellant's motions. Appellant appeals from these journal entries assigning the following errors:
[1.] The Police failed to read, Mr. Dunlap, the Miranda Rules, under Criminal Rules 10, 11, 18, the Judge failed to make sure, Mr. Dunlap, was read his Miranda Rules.
[2.] Vindictive prosecution, misconduct, discrimination of jury process, discrimination of compulsory process, discrimination of the confrontation clause.
[3.] Abuse of discretion.
 {¶ 7} In his first assignment of error, appellant contends the police failed to read him his Miranda rights. Because this issue was not raised below, it is not properly before us. It is well-settled that a litigant's failure to raise an issue before the trial court waives the litigant's right to raise that issue on appeal. Harris v. Ohio Adult Parole Auth., Franklin App. No. 05AP-451, 2005-Ohio-5166, at ¶ 7; Cunningham v. Children'sHosp., Franklin App. No. 05AP-69, 2005-Ohio-4284, at ¶ 24 ("[g]enerally, a reviewing court will not consider any issue a party fails to raise before the trial court"), see, also, Statev. Comen (1990), 50 Ohio St.3d 206, 211 ("[a]ppellant's failure to raise this issue in the trial court constitutes a waiver of the error claimed").
 {¶ 8} Moreover, even if we could consider this issue, appellant's argument would be barred by res judicata because the admissibility of appellant's statements at trial could have been raised on direct appeal. State v. Perry (1967),10 Ohio St.2d 175.
 {¶ 9} For the foregoing reasons, appellant's first assignment of error is overruled.
 {¶ 10} Appellant's second assignment of error is simply a list of unrelated legal concepts and legal theories. Appellant alleges "vindictive prosecution, misconduct, discrimination of jury process, discrimination of compulsory process, discrimination of the confrontation clause" without any coherent explanation of how these concepts apply to this case or entitle appellant to relief. As noted by the trial court, appellant has a duty to present his arguments in an understandable fashion. If a court cannot understand the arguments advanced by a party, relief cannot be granted. Nichols v. Arnold, Washington App. No. 01CA9, 2001-Ohio-2645 (court "may not conjure up questions never squarely asked, or construct full blown arguments from convoluted reasoning"); see, also, App.R. 16(A)(7). Although pro se litigants are given some degree of latitude, there are limits to the court's ability to interpret pleadings. Id.
 {¶ 11} Although the argument appellant advances under his second assignment of error is largely incoherent, it appears that, at least in part, appellant challenges the credibility of witnesses who testified during his trial. However, this issue was not raised below. Therefore, this issue is waived. Harris,
supra, at ¶ 7; Cunningham, supra, at ¶ 24. Moreover, the evidence appellant relies upon in support of this argument is contained in the record below. Therefore, this issue could have been raised on direct appeal. In fact, appellant challenged the weight and sufficiency of the evidence in his direct appeal. Therefore, this issue is barred by res judicata. Perry, supra. Appellant's second assignment of error is overruled.
 {¶ 12} Appellant contends in his third assignment of error that the trial court abused its discretion in how it conducted the trial. Again, in largely incoherent fashion, appellant alleges a range of improper actions by the trial court, including coercing witnesses, applying incorrect legal standards, accepting an improper jury waiver, and demonstrating bias in improperly arriving at a guilty verdict. Appellant does not articulate most of these arguments in a manner that can be understood and evaluated. That reason alone is sufficient to overrule appellant's third assignment of error. Nichols, supra; App.R. 16(A)(7). In part, appellant does appear to argue that the waiver of his right to a jury trial was not knowing and voluntary. However, the record contains a written jury waiver signed by appellant. It is well-established that a signed jury waiver is presumptively voluntary, knowing and intelligent. State v. Bays
(1999), 87 Ohio St.3d 15, 19. Appellant does not identify anything outside the record in support of his assertion that the trial court erred in accepting the signed jury waiver. This issue could have been raised on direct appeal. Therefore, this claim is barred by res judicata. Perry, supra. Appellant's third assignment of error is overruled.
 {¶ 13} Having overruled appellant's three assignments of error, the judgments of the trial court are affirmed.
Judgments affirmed.
Sadler and French, JJ., concur.