[Cite as *State v. Sheets*, 2025-Ohio-355.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-452 |
| v. | : | (M.C. No. 2022 CRB 11609) |
| Heather A. Sheets, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 4, 2025

**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias-Hunter*, *Orly Ahroni*, and *Dave Pelletier*, for appellee. **Argued:** *Dave Pelletier*.

**On brief:** *Heather A. Sheets*, pro se. **Argued:** *Heather A. Sheets*.

APPEAL from the Franklin County Municipal Court

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Heather A. Sheets, appeals from the July 9, 2024 judgment of conviction entered by the Franklin County Municipal Court after a jury found her guilty of violating a civil protection order. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} By officer complaint filed August 7, 2022, plaintiff-appellee, the State of Ohio, charged Ms. Sheets with one count of violating a civil protection order, in violation of R.C. 2919.27(A)(1), a misdemeanor of the first degree. Specifically, the complaint alleged Ms. Sheets violated a civil protection order issued by the domestic court by sending messages to her ex-husband through the "Our Family Wizard" application.

{¶ 3}   The case proceeded to a jury trial on June 24, 2024, and concluded with a guilty verdict.   The trial court memorialized Ms. Sheets's conviction and sentence in a judgment entry issued July 9, 2024.   Ms. Sheets now appeals from that judgment, and asserts the following eight assignments of error for our review:

[I.] THE FIRST ASSIGNMENTS OF ERROR IN LOWER COURTS WITH REGARD TO "CASE TIME LIMITS." ACCORDING TO O.R.C. 2945,(B)(2), THE COURTS HAVE 90 DAYS TO TRY A MISDEMEANOR OF THE 1ST DEGREE. I WAS ARRAIGNED, 09.23.2022. INITIAL TRIAL SET FOR OCTOBER 15, 2022. IN ACTUALITY THE TRIAL DID NOT START UNTIL JUNE 24, 2024. OVER 32 CONTINUANCES, WITHOUT GOOD CAUSE SHOWN. DUE PROCESS. SENTENCING AND VERDICT OCCURRED 07.09.2024. THE STATE FAILED TO PROSECUTE WITHIN THE STATUTES SET FORTH IN THE O.R.C. 2945.71(B)(2) PER THE RULE CASE IS TO BE TRIED WITHIN 90 DAYS. **655 DAYS. 655 DAYS IS HOW LONG IT TOOK THE STATE.**

[II.] ADDITIONALLY WITH REGARDS TO CASE TIME LIMITS, OHIO R. SUPERI.CT.39 STATES SECTION (B)(1) CRIMINAL CASES IN THE COURT OF COMMON PLEAS ARE TO BE TRIED WITHIN 180 DAYS. NOT 655.

[III.] THE CASE ITSELF WAS INITIALLY FILED UNDER THE INCORRECT CASE NUMBER, 21DV1490, CORRECT CASE 21DV1590.

[IV.] OFFICER DAKOTA ERRED ON BOTH OF THE ORC CITED ARE INAPPLICABLE 2919.26 OR 3113.31.

[V.] OFFICER DAKOTA STATED THAT JUDGE GILL WAS WITH THE FRANKLIN COUNTY MUNICIPAL COURT.

[VI.] OFFICER DAKOTA CITED INCORRECT ISSUANCE DATE, 08.23.2021 WAS ACTUAL ISSUANCE DATE. NOT 09.29.21.

[VII.] OFFICER DAKOTA CITES VIOLATIONS OF SUBSECTIONS 22&33. NEITHER OF THOSE SUBSECTIONS ARE CHECKED.

[VIII.] WITH REGARDS TO SERVICE. I WAS NEVER SERVED, THAT IS THE WRONG ADDRESS ON TICKET,

DOCKET CORROBORATES. FAILURE TO SERVE. I HAVE NEVER ONCE BEEN SERVED CORRECTLY BY OPPOSITION IN THESE PROCEEDINGS. WHICH IS AN UNETHICAL, OBSTRUCTION OF JUSTICE ON BEHALF OF OPPOSITIONS UNETHICAL COUNSEL. WHICH IS ANOTHER ISSUE FOR ANOTHER COURT.

(Emphasis sic.) (Sic passim.)

{¶ 4} As an initial matter, we note that Ms. Sheets's brief fails to comply with App.R. 16(A)(3) and 16(A)(7). Under App.R. 12(A)(2), we are permitted to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." *See also* App.R. 12(A)(1)(b) (requiring appellate courts to "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16").

{¶ 5} Ms. Sheets's statement of her eight assignments of error is procedurally deficient because she fails "to identify in the record the error on which the assignment of error is based." App.R. 12(A)(2). *See also* App.R. 16(A)(3). Appellants bear the burden of demonstrating error on appeal by reference to the record of the proceedings below and must designate specific rulings by the trial court challenged on appeal. *See, e.g.*, *Lee v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 06AP-625, 2006-Ohio-6658, ¶ 9; *In re Guardianship of Williams*, 8th Dist. No. 110781, 2022-Ohio-617, ¶ 26.

{¶ 6} App.R. 16(A)(7) mandates that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Thus, Ms. Sheets's brief is also substantively deficient because she fails to provide any cognizable argument or legal authority to support her eight assignments of error. Instead, her brief mostly comprises of accusations she makes against her ex-husband and his attorney, the veracity of which are not properly before us on appeal.

{¶ 7} Based on Ms. Sheets's failure to comply with App.R. 16(A)(3) and (7), we could disregard and summarily overrule her assignments of error. *See* App.R. 12(A)(2). *See also Angus v. Angus*, 10th Dist. No. 14AP-742, 2015-Ohio-2538, ¶ 10, citing *CitiMortgage, Inc. v. Asamoah*, 10th Dist. No. 12AP-212, 2012-Ohio-4422, ¶ 5; *Tonti v.*

*Tonti*, 10th Dist. No. 06AP-732, 2007-Ohio-2658, ¶ 2. "Many times, however, appellate courts instead review the appealed judgment using the appellants' arguments in the interest of serving justice." *Angus* at ¶ 10. That said, if we "cannot understand an appellant's arguments, [we] cannot grant relief." *Id.*, citing *State v. Dunlap*, 10th Dist. No. 05AP-260, 2005-Ohio-6754, ¶ 10. And, while we "will construe pro se filings generously, appellate courts cannot construct legal arguments for an appellant." *Id.*, citing *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 24, and *Miller v. Johnson & Angelo*, 10th Dist. No. 01AP-1210, 2002-Ohio-3681, ¶ 2.

{¶ 8} Nevertheless, in the interest of justice, we will attempt to review the eight assignments of error contained in Ms. Sheets's brief.[1]

## II. ANALYSIS

{¶ 9} Ms. Sheets was charged with and found guilty of violating a civil protection order under R.C. 2919.27(A)(1), which prohibits a person from recklessly violating the terms of "[a] protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code." In her July 23, 2024 notice of appeal, Ms. Sheets indicated she was appealing from the trial court's July 9, 2024 judgment memorializing her conviction and sentence for this offense.

### A. First Assignment of Error

{¶ 10} In her first assignment of error, Ms. Sheets argues the state violated her right to a speedy trial because she was not brought to trial within 90 days of her arrest.

{¶ 11} "A criminal defendant has a right to a speedy trial under the Ohio Revised Code, the Ohio Constitution, and the Fifth and Sixth Amendments to the United States Constitution." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 80. That right is codified in R.C. 2945.71. In this case, Ms. Sheets only contends her statutory speedy trial right was violated.[2]

{¶ 12} Under R.C. 2945.71(B)(2), the state is required to bring a defendant charged with a first-degree misdemeanor to trial within 90 days of their arrest. Generally, the

---

[1] Ms. Sheets raised additional claims at oral argument. However, those claims were not alleged in her brief, and we do not address issues raised for the first time on appeal at oral argument. *See, e.g.*, *Serra v. Serra*, 10th Dist. No. 15AP-528, 2016-Ohio-950, ¶ 16; App.R. 12(A).

[2] Ms. Sheets also references due process in her first assignment of error, but she does not cite any specific constitutional provision or make any due process arguments in her brief.

speedy trial time period begins the day after a defendant's arrest. *See, e.g.*, *State v. Kadunc*, 10th Dist. No. 15AP-920, 2016-Ohio-4637, ¶ 10; *State v. Juarez-Hernandez*, 10th Dist. No. 12AP-95, 2012-Ohio-4835, ¶ 8. *See also* Crim.R. 45(A); R.C. 1.14. Each day the defendant is held in jail in lieu of bail counts as three days in computing this time. R.C. 2945.71(E).

{¶ 13} Statutory speedy trial time may be waived by the defendant or tolled by operation of law. These " '[t]wo key concepts direct how a court must charge the days when calculating a potential speedy trial violation.' " *State v. Williams*, 10th Dist. No. 18AP-891, 2023-Ohio-1002, ¶ 16, quoting *State v. Brown*, 10th Dist. No. 19AP-40, 2019-Ohio-4753, ¶ 28. If a defendant knowingly and voluntarily waives his or her speedy-trial rights, the days included in the waiver period do not count toward the deadline for bringing the defendant to trial. *See, e.g.*, *State v. Adams*, 43 Ohio St.3d 67, 69 (1989), citing *State v. Kidd*, 60 Ohio App.2d 374, 376 (1st Dist.1978), and *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987). Additionally, R.C. 2945.72 provides an exhaustive list of specifically enumerated events that automatically extend the statutory speedy trial time by tolling the time period during which that event occurs. *See, e.g.*, *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 24. Although a defendant's waiver of speedy trial time requires an intentional relinquishment of a known right that must be expressed in writing or made in open court on the record, the tolling of speedy trial time under R.C. 2945.72 occurs by operation of law and, thus, extends the speedy trial time "whether or not a waiver has been executed." *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, ¶ 18. *See also Juarez-Hernandez* at ¶ 9.

{¶ 14} If a defendant is not brought to trial within the statutory speedy trial time frame mandated by R.C. 2945.71, R.C. 2945.73(B)(1) provides the remedy: "Upon motion made at or prior to the commencement of trial, a person charged with a misdemeanor shall be discharged if the person is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." *See State v. Boddie*, 10th Dist. No. 10AP-687, 2011-Ohio-3309, ¶ 5. Generally, a defendant's "failure to file a motion to dismiss [misdemeanor charges] on speedy trial grounds prior to trial and pursuant to R.C.

2945.73(B) prevents [the defendant] from raising the issue on appeal.' "[3]  *Id.* at ¶ 6, quoting *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 37, and citing *State v. Talley*, 5th Dist. No. 06 CA 93, 2007-Ohio-2902, ¶ 41, and *State v. Huffman*, 8th Dist. No. 93000, 2010-Ohio-5116, ¶ 22 (interpreting former R.C. 2945.73(B), which was modified on April 4, 2023 by 2022 Am.Sub.S.B. 228[4]).

{¶ 15}  In this case, Ms. Sheets was arrested on September 23, 2022.  Thus, the statutory speedy trial period began to run on September 24, 2022.  Her trial commenced on June 24, 2024, which far exceeded the 90-day speedy trial time period prescribed by R.C. 2945.71(B)(2).  However, Ms. Sheets did not file a motion to dismiss based on a speedy trial violation or otherwise bring this issue to the attention of the trial court.  She is therefore precluded from arguing this issue on appeal.  *See Boddie* at ¶ 5-6.

{¶ 16}  Indeed, Ms. Sheets does not attempt to count days for purposes of calculating speedy trial time against tolling events on appeal.  On review of the record, we note there are numerous events that would toll (or stop) the counting of days under R.C. 2945.72, including Ms. Sheets's mental competency determination, the defense's multiple continuance requests, Ms. Sheets's failure to appear at one of her scheduled court dates, pretrial motions filed by the defense, and any other reasonable continuance granted other than upon Ms. Sheets's own motion.  There may also have been other reasons for the statutory speedy trial time limits to be tolled or extended that are not apparent from the record before us.  However, because Ms. Sheets did not timely file a motion to dismiss

---

[3] In some instances, defendants present ineffective assistance of counsel claims on appeal alleging that a statutory speedy trial violation was apparent and incontrovertible from the record but counsel failed to raise the issue before the trial court. Generally, a defendant claiming ineffective assistance of counsel based on counsel's failure to file a particular motion must show that the motion would have had a reasonable probability of success. *See Boddie* at ¶ 10, citing *State v. Barbour*, 10th Dist. No. 07AP-841, 2008-Ohio-2291, ¶ 14, citing *State v. Adkins*, 161 Ohio App.3d 114, 2005-Ohio-2577 (4th Dist.). Of course, in most instances, an undeveloped record on the issue will prevent a defendant from demonstrating on appeal that a motion to dismiss based on a violation of statutory speedy trial rights had a reasonable probability of success. *See, e.g.*, *Boddie* at ¶ 10-12. However, we decline to endorse a bright-line rule precluding all defendants from arguing ineffective assistance of counsel on appeal based on trial counsel's failure to comply with R.C. 2945.73's filing requirement. In any event, Ms. Sheets does not argue ineffective assistance of counsel in this case. Thus, we do not address it.

[4] Former R.C. 2945.73(B) stated: "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." The 2022 amendment to R.C. 2945.73 added the "(B)(1)" designation to former subsection "(B)" and substituted "a misdemeanor" for "an offense" in the first sentence of that subsection.

alleging a statutory speedy trial violation in the trial court, the state had no reason or opportunity to support its basis for delay on the record or to otherwise argue why the state believed any statutory tolling events should apply. *See Boddie* at ¶ 11.

{¶ 17} For these reasons, we overrule Ms. Sheets's first assignment of error.

### B. Second Assignment of Error

{¶ 18} In her second assignment of error, Ms. Sheets contends the trial court violated the Rules of Superintendence for the courts of Ohio by failing to resolve her criminal matter within 180 days, as required by Sup.R. 39(B)(1). (Brief of Appellant at 1.) However, the clause on which she relies pertains to criminal cases "[i]n common pleas court." Sup.R. 39(B)(1). Ms. Sheets's first-degree misdemeanor offense was a criminal case in the municipal court. Thus, another clause applies: "In municipal and county court, all criminal cases shall be tried within the time provided in Chapter 2945. of the Revised Code." Sup.R. 39(B)(1). As discussed above, R.C. 2945.71(B)(2) provides that—subject to the extensions of time authorized by R.C. 2945.72—a person charged with a first-degree misdemeanor offense must be tried within 90 days of their arrest.

{¶ 19} In any event, " 'the Rules of Superintendence are only internal housekeeping rules that do not create substantive rights in individuals or procedural law, and they do not have the force of law.' " *Aaron v. Supreme Court*, 10th Dist. No. 24AP-232, 2024-Ohio-5616, ¶ 20, quoting *In re S.S.*, 10th Dist. No. 17AP-681, 2018-Ohio-1249, ¶ 11, and citing *In re K.G.*, 9th Dist. No. 10CA0016, 2010-Ohio-4399, ¶ 11 (noting "Ohio appellate courts have indicated that the Rules of Superintendence are general guidelines for the conduct of the courts and do not create substantive rights in individuals or procedural law"); *State v. Gettys*, 49 Ohio App.2d 241, 243 (3d Dist.1976); *Sultaana v. Giant Eagle*, 8th Dist. No. 90294, 2008-Ohio-3658, ¶ 45. Because Ms. Sheets does not have any substantive right under Sup.R. 39(B)(1), we overrule her second assignment of error.

### C. Third, Fourth, Fifth, Sixth, Seventh, and Eighth Assignments of Error

{¶ 20} Ms. Sheets's third, fourth, fifth, sixth, and seventh assignments of error appear to take issue with the propriety of information contained in the complaint and probable cause statement filed on August 7, 2022. Though, on review, neither the complaint nor the probable cause statements contain any reference to or mention of an "Officer Dakota," who is identified by Ms. Sheets in these five assignments of error.

{¶ 21} Ms. Sheets did not challenge the validity of the complaint in the trial court and does not argue the complaint failed to meet the requirements of Crim.R. 3 on appeal. Nor does she claim the information contained in the complaint failed to provide "reasonable notice" of the "nature of the offense," which is the purpose of a complaint filed in a criminal case. *See, e.g.*, *State v. Smith*, 10th Dist. No. 16AP-21, 2017-Ohio-9283, ¶ 21.

{¶ 22} Nonetheless, we note the charging block located in the bottom left corner of the August 7, 2022 complaint filed in this case indicates Ms. Sheets was charged with "violation of protection order" under R.C. 2919.27(A)(1) for conduct that occurred on August 7, 2022 at 11:58 a.m. Thus, Ms. Sheets's fourth assignment of error—alleging the officer cited "inapplicable" sections of the Ohio Revised Code—is not well-taken.

{¶ 23} Ms. Sheets was arrested pursuant to warrant for this case on September 23, 2022 and arraigned on September 24, 2022. At her September 24, 2022 arraignment, Ms. Sheets acknowledged, through counsel, receipt of a copy of the complaint. (*See* Sept. 24, 2022 Demand for Jury Trial.) As such, her eighth assignment of error—alleging failure of service "by [the] opposition"—is likewise without merit. Indeed, Ms. Sheets appears to acknowledge that her contention regarding service issues caused by "opposition[']s unethical counsel" "is another issue for another court," which suggests her service-related argument pertains to other matters not before this court. (*See* Brief of Appellant at 2.)

{¶ 24} At Ms. Sheets's September 24, 2022 arraignment, the state was permitted to correct the August 7, 2022 complaint's erroneous identification of the court that issued the civil protection order against Ms. Sheets by amending "municipal" to "common pleas." (*See* Sept. 24, 2022 Mot. to Amend Compl. with Entry.) For this reason, Ms. Sheets's fifth assignment of error is not well-taken.

{¶ 25} Ms. Sheets's third, sixth, and seventh assignments of error all concern the accuracy of the information in the complaint regarding the civil protection order—the case number for which the civil protection order was entered, the order's issuance date, and requirements imposed by that order. But Ms. Sheets does not refute that she was subject to a civil protection order on August 7, 2022 or that she communicated with her husband on that date.

{¶ 26} To the extent Ms. Sheets purports to challenge the sufficiency of the evidence presented at trial, she fails to adequately argue as much on appeal. Even still, we lack the

ability to review such matter because the trial transcript and the exhibits presented at the trial—including the civil protection order at issue and any evidence demonstrating Ms. Sheets's alleged violation thereof—are not in the record before us.

{¶ 27} "[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13. For that reason, App.R. 9 requires an appellant to submit to the appellate court a transcript of the trial court proceedings the appellant deems necessary for the appellate court's review. App.R. 9(B). *See also Elhag v. Babiker*, 10th Dist. No. 19AP-117, 2019-Ohio-3912, ¶ 7.

{¶ 28} Nothing in the record before us indicates a transcript for the June 2024 trial was ever requested or that a transcript would not have been available to Ms. Sheets had she requested it. And, even if no transcript is available, App.R. 9(C) and (D) provide alternatives for an appellant. *See Elhag* at ¶ 7. If a transcript of the hearing was not available, then Ms. Sheets had a duty to either prepare and file a statement of the evidence under App.R. 9(C) or obtain and submit an agreed statement under App.R. 9(D). *See* App.R. 9(B)(4). But she did neither.

{¶ 29} Without a complete transcript of the proceedings, a statement of the evidence pursuant to App.R. 9(C), or an agreed statement pursuant to App.R. 9(D), an appellate court has no alternative but to presume the regularity of the proceedings and the validity of the judgment in the trial court. *See, e.g., Ostrander v. Parker-Fallis Insulation Co., Inc.*, 29 Ohio St.2d 72, 74 (1972). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). *See also J. Griffin Ricker Assocs., LLC v. Well*, 10th Dist. No. 21AP-29, 2022-Ohio-1470, ¶ 18 (noting "the lack of the transcript independently support[ed] overruling" appellant's assignment of error). Because the appellate record in this case does not include the exhibits presented at the trial, a transcript of the proceedings, or an acceptable alternative under App.R. 9(C) or (D), we must presume the regularity of the trial court's proceedings and have no basis to find the evidence presented at trial in this case was

insufficient to support a conviction for violating R.C. 2919.27(A)(1). As such, Ms. Sheets's third, sixth, and seventh assignments of error are not well-taken.

{¶ 30} Based on the foregoing, we overrule Mr. Sheets's third, fourth, fifth, sixth, seventh, and eighth assignments of error.

## III. CONCLUSION

{¶ 31} Having overruled Ms. Sheets's eight assignments of error, we affirm the July 9, 2024 judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.

———————————