**[Cite as *J.M.P. v. J.R.P*, 2026-Ohio-367.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [J.M.P.], | : | |
| Plaintiff-Appellee, | : | |
| | | No. 25AP-544 |
| v. | : | (C.P.C. No. 25DV-1073) |
| [J.R.P.], | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 5, 2026

**On brief:** [*J.R.P.*], pro se. **Argued:** [*J.R.P.*].

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

PER CURIAM.

{¶ 1}   Defendant-appellant, J.R.P., appeals from the June 10, 2025 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations granting the petition of plaintiff-appellee, J.M.P., for a domestic violence civil protection order ("DVCPO") pursuant to R.C. 3113.31.  For the following reasons, we affirm.

## I.  FACTS AND PROCEDURAL OVERVIEW

{¶ 2}   Appellant and appellee are siblings.  On June 3, 2025, appellee filed a petition for a DVCPO against appellant on behalf of herself and their mother, L.A.P.  After conducting an ex parte hearing on appellee's petition that same day, the trial court issued an ex parte temporary protection order prohibiting appellant from having any contact with appellee and L.A.P.  The trial court then scheduled the matter for a full hearing on appellee's petition on June 10, 2025.

{¶ 3} On June 3, 2025, appellant was served by law enforcement with notice of the ex parte protection order and the scheduled hearing. While he was being served with the ex parte protection order, appellant was arrested and charged for threatening appellee in the presence of law enforcement.[1] (*See* June 10, 2025 Order at 2.)

{¶ 4} On June 10, 2025, the trial court conducted a full hearing on the DVCPO petition. Appellant did not appear.[2] At the conclusion of the hearing, the trial court issued a DVCPO against appellant for the protection of appellee and L.A.P., the terms of which are to remain in effect for five years.

## II. ASSIGNMENTS OF ERROR

{¶ 5} On June 30, 2025, appellant filed a notice of appeal.[3] He raises the following six assignments of error for our review:

> [I.] THE TRIAL COURT ERRED BY ABUSE OF POWER ON 6/4/2025 AND 6/10/2025 PER DEFAMATION.
>
> [II.] THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING ME TO CROSS-EXAMINE MY ACCUSER.
>
> [III.] THE TRIAL COURT ERRED BY GRANTING A DOMESTIC PROTECTION ORDER ON 6/10/2025 WITH FALSE AFFIDAVITS FROM POLICE.
>
> [IV.] THE TRIAL COURT ERRED BY FAILURE TO SECURE MY PERSONAL PROPERTY ONGOING.
>
> [V.] TRIAL COURT ERRED BY ALLOWING THE APPELLEE TO USE EVIDENCE WITHOUT BURDEN OF PROOF, SUCH AS TERMINATION OF A RELATIONSHIP WHICH HAS NOT OCCURRED SINCE 2017 ON 6/3/2025 AND RELATING TO A FIREARM IN WHICH I DID NOT PROCESS.

---

[1] As a result, appellant was charged in Franklin County Municipal Court case No. 2025 CRB 9000 with aggravated menacing and obstructing official business.

[2] According to the docket for Franklin County Municipal Court case No. 2025 CRB 9000, appellant was in jail from June 3, 2025 until June 26, 2025.

[3] After appellant initiated his appeal to this court, appellant filed a motion to terminate the DVCPO on July 9, 2025 in the trial court. That motion remains pending in the trial court because of this appeal. As a result, the issues raised in that motion are not presently before this court for our review.

> [VI.] TRIAL COURT ERRED WITH UNDER OATH STATEMENTS TO NO AVAIL WHICH WERE REASONABLE DOUBT NOT FOR DOMESTIC THREAT OR VIOLENCE.

(Sic passim.)

**{¶ 6}** As an initial matter, we note that appellant's brief does not comply with App.R. 16(A)(3) and 16(A)(7). Under App.R. 12(A)(2), we are permitted to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." *See also* App.R. 12(A)(1)(b) (requiring appellate courts to "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16").

**{¶ 7}** Appellant's statement of his six assignments of error is procedurally deficient because he fails "to identify in the record the error on which the assignment of error is based." App.R. 12(A)(2). *See also* App.R. 16(A)(3). Appellants bear the burden of demonstrating error on appeal by reference to the record of the proceedings below and must designate specific rulings by the trial court challenged on appeal. *See, e.g.*, *Lee v. Ohio Dept. of Job & Family Servs.*, 2006-Ohio-6658, ¶ 9 (10th Dist.); *In re Guardianship of Williams*, 2022-Ohio-617, ¶ 26 (8th Dist.).

**{¶ 8}** Furthermore, appellant does not adequately argue his six assignments of error in his brief. App.R. 16(A)(7) mandates that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Thus, appellant's brief is also substantively deficient because he fails to provide any cognizable argument or legal authority to support his six assignments of error. Instead, his brief mostly comprises of accusations he makes against appellee, his mother, and the trial court, the veracity of which are not properly before us on appeal.

**{¶ 9}** Based on appellant's failure to comply with App.R. 16(A)(3) and (7), we could disregard and summarily overrule his assignments of error. *See* App.R. 12(A)(2). *See also Angus v. Angus*, 2015-Ohio-2538, ¶ 10 (10th Dist.), citing *CitiMortgage, Inc. v. Asamoah*, 2012-Ohio-4422, ¶ 5 (10th Dist.) and *Tonti v. Tonti*, 2007-Ohio-2658, ¶ 2 (10th Dist.).

"Many times, however, appellate courts instead review the appealed judgment using the appellants' arguments in the interest of serving justice." *Angus* at ¶ 10. That said, if we "cannot understand an appellant's arguments, [we] cannot grant relief." *Id.*, citing *State v. Dunlap*, 2005-Ohio-6754, ¶ 10 (10th Dist.). And, while we "will construe pro se filings generously, appellate courts cannot construct legal arguments for an appellant." *Id.*, citing *Williams v. Barrick*, 2008-Ohio-4592, ¶ 24 (10th Dist.) and *Miller v. Johnson & Angelo*, 2002-Ohio-3681, ¶ 2 (10th Dist.).

{¶ 10} In the interest of justice, we will broadly construe appellant's six assignments of error as taking issue with the propriety of the trial court's decision to grant a DVCPO against him following the June 10, 2025 hearing for which he was not present.

## III. ANALYSIS

{¶ 11} After a trial court grants an ex parte petition for a DVCPO, it must schedule a full hearing on the matter within seven or ten days after an ex parte hearing, depending on the specific relief granted. R.C. 3113.31(D)(2)(a). The court may, however, continue the scheduled hearing if the respondent has not been served with the petition, the parties consent to a continuance, a continuance is needed to allow a party to obtain counsel, or a continuance is needed for other good cause. R.C. 3113.31(D)(2)(a). Whether to continue a hearing for good cause is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *J.J. v. Kilgore*, 2021-Ohio-928, ¶ 10 (10th Dist.), citing *Caramico v. Caramico*, 2015-Ohio-4232, ¶ 9 (12th Dist.).

{¶ 12} " 'The "statutory criterion to determine whether or not to grant a civil protection order pursuant to R.C. 3113.31 is the existence or threatened existence of domestic violence[,]" ' " as defined in R.C. 3113.31(A)(1). *T.S. v. B.S.*, 2018-Ohio-4987, ¶ 18 (10th Dist.), quoting *J.R. v. E.H.*, 2017-Ohio-516, ¶ 15 (10th Dist.), quoting *Thomas v. Thomas*, 44 Ohio App.3d 6, 8 (10th Dist. 1998). Domestic violence is defined by R.C. 3113.31(A)(1), and includes attempting to cause or recklessly causing a family or household member bodily injury, or placing that person by threat of force in fear of imminent serious physical harm. A person seeking a civil protection order must prove domestic violence or danger of domestic violence by a preponderance of the evidence. *Felton v. Felton*, 79 Ohio

St.3d 34, 42 (1997). The maximum permissible time for the duration of a civil protection order is five years. R.C. 3113.31(E)(3)(a).

{¶ 13} The decision to grant or deny a protection order is within a trial court's discretion and our standard of review is abuse of discretion. *A.A. v. M.G.S.*, 2020-Ohio-3469, ¶ 11 (10th Dist.), citing *J.W. v. D.W.*, 2019-Ohio-4018, ¶ 15 (10th Dist.). Questions of law arising from the proceedings are reviewed de novo. *A.A.* at ¶ 11, citing *J.W.* at ¶ 16, citing *Martin v. Martin*, 2013-Ohio-5703, ¶ 6 (10th Dist.). However, as the finder of fact, the trial court is entitled to weigh the credibility of witnesses. *A.A.* at ¶ 11, citing *J.W.* at ¶ 15.

{¶ 14} In this case, the trial court scheduled a full hearing on appellee's petition for a DVCPO on June 10, 2025, seven days after the ex parte civil protection order was issued, in accordance with R.C. 3113.31(D)(2)(a). The record confirms appellant was timely served with notice of that hearing, and appellant does not contend otherwise on appeal. While appellant was not present at the June 10, 2025 hearing, he makes no cognizable argument on appeal challenging the propriety of the trial court's decision to proceed with the full hearing as scheduled in his absence. We therefore find no basis to conclude the trial court erred in proceeding with the June 10, 2025 hearing on appellee's DVCPO petition notwithstanding appellant's absence.

{¶ 15} At the June 10, 2025 hearing, appellee was required to show by a preponderance of the evidence that, as relevant here, appellant placed members of his family or household "by the threat of force in fear of imminent serious physical harm," thus constituting "domestic violence" as defined in R.C. 3113.31(A)(1)(a)(ii). *See, e.g.*, *T.S.* at ¶ 18, citing *Fleckner v. Fleckner*, 2008-Ohio-4000, ¶ 17 (10th Dist.), citing *Felton*, 79 Ohio St.3d, at paragraph two of the syllabus. There is no dispute that appellee (appellant's sister) and L.A.P. (appellant's mother) both constitute a "family or household member" as defined in R.C. 3113.31(A)(3).

{¶ 16} Following the presentation of evidence and testimony at the full hearing, the trial court granted appellee's petition for a DVCPO against appellant based on its finding that appellee "provided the Court with sufficient, credible testimony and/or evidence (which did not significantly deviate from the [testimony and evidence presented in support of] the original Petition reviewed and approved by the Court on June 3, 2025 to substantiate

his/her reasonable fear and justify an award of a CPO." (June 10, 2025 Order at 2.) The trial court further found that appellee "was placed in fear of imminent serious physical harm by the threat(s)/action(s) of [appellant] and that this fear is reasonable given the circumstances of this case" and that "the protected persons herein are in an immediate and present danger of domestic violence." (June 10, 2025 Order at 2.) Based on these findings, the trial court imposed a five-year protection order against appellant for the protection of appellee and L.A.P., as permitted by R.C. 3113.31(E)(3)(a).

{¶ 17} On review of the record before us, we find no procedural deficiency or legal error in the trial court's decision to issue the DVCPO requested by appellee. To the extent appellant attempts to challenge the sufficiency of the evidence presented at the full hearing in support of its issuance, we lack the ability to review such matter because the trial transcript and any exhibits presented at the June 10, 2025 hearing are not in the record before us.

{¶ 18} "[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 2004-Ohio-6110, ¶ 13. For that reason, App.R. 9 requires an appellant to submit to the appellate court a transcript of the trial court proceedings the appellant deems necessary for the appellate court's review. App.R. 9(B). *See also Elhag v. Babiker*, 2019-Ohio-3912, ¶ 7 (10th Dist.).

{¶ 19} Nothing in the record before us indicates a transcript of the June 10, 2025 hearing was ever requested or that a transcript would not have been available to appellant had he requested it. And, even if no transcript is available, App.R. 9(C) and (D) provide alternatives for an appellant. *See Elhag* at ¶ 7. If a transcript of the hearing was not available, then appellant had a duty to either prepare and file a statement of the evidence under App.R. 9(C) or obtain and submit an agreed statement under App.R. 9(D). *See, e.g.*, *Khasawneh v. Aldamen*, 2024-Ohio-937, ¶ 12 (10th Dist.), citing App.R. 9(B)(4). But he did neither.

{¶ 20} Without a complete transcript of the proceedings, a statement of the evidence pursuant to App.R. 9(C), or an agreed statement pursuant to App.R. 9(D), an appellate court has no alternative but to presume the regularity of the proceedings and the validity of the judgment in the trial court. *See, e.g.*, *Ostrander v. Parker-Fallis Insulation Co., Inc.*, 29 Ohio St.2d 72, 74 (1972). "When portions of the transcript necessary for resolution of

assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). *See also J. Griffin Ricker Assocs., LLC v. Well*, 2022-Ohio-1470, ¶ 18 (10th Dist.) (noting "the lack of the transcript independently support[ed] overruling" appellant's assignment of error). Because the appellate record in this case does not include a transcript of the June 10, 2025 hearing or an acceptable alternative under App.R. 9(C) or (D), we must presume the regularity of the trial court's proceedings in this case.

{¶ 21} As such, we have no basis to find that the testimony and evidence presented at the June 10, 2025 hearing were insufficient to support the trial court's determination that a DVCPO against appellant was warranted. Indeed, without a transcript to review—and any substantive arguments from appellant—we cannot conclude the trial court erred in finding the evidence and testimony presented by appellee adequately established the existence of "threat(s)/action(s) of [appellant]" of domestic violence against appellee and L.A.P. which reasonably placed them "in fear of imminent serious physical harm" under R.C. 3113.31(A)(ii). (*See* June 10, 2025 Order at 2.) Further, in the absence of the filing of the hearing transcript, we have no basis to address any of the factual claims appellant makes in support of his six assignments of error.

## IV. CONCLUSION

{¶ 22} Based on the foregoing, we overrule appellant's first, second, third, fourth, fifth, and sixth assignments of error. Having overruled appellant's six assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations imposing a five-year DVCPO against him.

*Judgment affirmed.*

BEATTY BLUNT, MENTEL, and EDELSTEIN, JJ., concur.

————————————