[Cite as *Yates v. Rigby*, 2026-Ohio-732.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Shaquille Yates, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 25AP-601 |
| v. | : | (C.P.C. No. 24DR-3103) |
| Aja Rigby, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 5, 2026

**On brief:** *Aja Rigby*, pro se. **Argued:** *Aja Rigby*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Aja Rigby, appeals from the July 21, 2025 judgment and decree of divorce of the Franklin County Court of Common Pleas, Division of Domestic Relations. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} In 2017, Ms. Rigby married plaintiff-appellee, Shaquille Yates. One child was born in 2014, prior to their marriage. Mr. Yates filed a complaint for divorce in October 2024 on the ground of incompatibility.

{¶ 3} On July 21, 2025, Mr. Yates, represented by counsel, and Ms. Rigby, pro se, appeared before the trial court for a scheduled uncontested hearing. Following the hearing, the trial court issued a judgment granting Mr. Yates a divorce on the grounds of incompatibility and noting that matters regarding parenting were resolved in Franklin

County Court of Common Pleas case No. 24DR-2049. The trial court also issued findings of fact as to the division of personal and martial assets and liabilities.

{¶ 4} On July 23, 2025, Ms. Rigby filed a notice of appeal.[1] She raises the following sole assignment of error for our review:

> THE TR[IA]L COURT [ERRED] AND ABUSED ITS DISCRETION IN DISMISSING [MS. RIGBY'S] ACTION.

## II. ANALYSIS

{¶ 5} As an initial matter, we note that Ms. Rigby's brief does not comply with App.R. 16(A)(3) and 16(A)(7). Under App.R. 12(A)(2), we are permitted to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." *See also* App.R. 12(A)(1)(b) (requiring appellate courts to "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16").

{¶ 6} Ms. Rigby's statement of her sole assignment of error is procedurally deficient because she fails "to identify in the record the error on which the assignment of error is based." App.R. 12(A)(2). *See also* App.R. 16(A)(3). Appellants bear the burden of demonstrating error on appeal by reference to the record of the proceedings below and must designate specific rulings by the trial court challenged on appeal. *See, e.g.*, *Lee v. Ohio Dept. of Job & Family Servs.*, 2006-Ohio-6658, ¶ 9 (10th Dist.); *In re Guardianship of Williams*, 2022-Ohio-617, ¶ 26 (8th Dist.).

{¶ 7} Furthermore, Ms. Rigby does not adequately argue the assignment of error in her brief. App.R. 16(A)(7) mandates that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Thus, Ms. Rigby's

---

[1] Ms. Rigby also filed objections to the trial court's decree of divorce on July 23, 2025 in the trial court. On August 14, 2025, the trial court issued an entry dismissing Ms. Rigby's objections, noting that an objection was procedurally inappropriate in this case and that she could challenge the decree of divorce through direct appeal.

brief is also deficient because she fails to provide any argument or legal authority to support her sole assignment of error.

{¶ 8} Based on Ms. Rigby's failure to comply with App.R. 16(A)(3) and (7), we could disregard and summarily overrule her assignment of error. *See* App.R. 12(A)(2). *See also Angus v. Angus*, 2015-Ohio-2538, ¶ 10 (10th Dist.), citing *CitiMortgage, Inc. v. Asamoah*, 2012-Ohio-4422, ¶ 5 (10th Dist.); *Tonti v. Tonti*, 2007-Ohio-2658, ¶ 2 (10th Dist.). "Many times, however, appellate courts instead review the appealed judgment using the appellants' arguments in the interest of serving justice." *Angus* at ¶ 10. That said, if we "cannot understand an appellant's arguments, [we] cannot grant relief." *Id.*, citing *State v. Dunlap*, 2005-Ohio-6754, ¶ 10 (10th Dist.). And, while we "will construe pro se filings generously, appellate courts cannot construct legal arguments for an appellant." *Id.*, citing *Williams v. Barrick*, 2008-Ohio-4592, ¶ 24 (10th Dist.), and *Miller v. Johnson & Angelo*, 2002-Ohio-3681, ¶ 2 (10th Dist.).

{¶ 9} In her brief, Ms. Rigby contends the trial court dismissed her "case" "for failure to prosecute" "without provision of notice." (Appellant's Brief at 2.) She also claims she was unable "to provide any information about [her] divorce," including "documentation or proof" supporting her contention that Mr. Yates "owes [her] property and money." (Appellant's Brief at 2.)

{¶ 10} On review of the record before us, we find no procedural deficiency or legal error in the decree of divorce. Further, contrary to Ms. Rigby's contention otherwise, nothing in the record before us suggests Ms. Rigby's "action" against Mr. Yates was dismissed "for failure to prosecute." (Appellant's Brief at 2.) Ms. Rigby claims she "did not receive any documentation for [her] divorce," "[t]hey had the wrong address," and she "was not able to provide any information about [her] divorce" (Appellant's Brief at 2), but the trial court's July 21, 2025 judgment explicitly states that both parties were present for the uncontested hearing on Mr. Yates's complaint for divorce.

{¶ 11} To the extent Ms. Rigby attempts to challenge events that took place at the July 21, 2025 hearing, we lack the ability to review such matters because the transcript of the July 21, 2025 hearing and any exhibits presented at that hearing are not in the record before us.

{¶ 12} "[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 2004-Ohio-6110, ¶ 13. For that reason, App.R. 9 requires an appellant to submit to the appellate court a transcript of the trial court proceedings the appellant deems necessary for the appellate court's review. App.R. 9(B). *See also Elhag v. Babiker*, 2019-Ohio-3912, ¶ 7 (10th Dist.).

{¶ 13} Nothing in the record before us indicates a transcript of the July 21, 2025 hearing was ever requested or that a transcript would not have been available to Ms. Rigby had she requested it. And, even if no transcript is available, App.R. 9(C) and (D) provide alternatives for an appellant. *See Elhag* at ¶ 7. If a transcript of the hearing was not available, then Ms. Rigby had a duty to either prepare and file a statement of the evidence under App.R. 9(C) or obtain and submit an agreed statement under App.R. 9(D). *See, e.g.*, *Khasawneh v. Aldamen*, 2024-Ohio-937, ¶ 12 (10th Dist.), citing App.R. 9(B)(4). But she did neither.

{¶ 14} Without a complete transcript of the proceedings, a statement of the evidence pursuant to App.R. 9(C), or an agreed statement pursuant to App.R. 9(D), an appellate court has no alternative but to presume the regularity of the proceedings and the validity of the judgment in the trial court. *See*, *e.g.*, *Ostrander v. Parker-Fallis Insulation Co., Inc.*, 29 Ohio St.2d 72, 74 (1972). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). *See also J. Griffin Ricker Assocs., LLC v. Well*, 2022-Ohio-1470, ¶ 18 (10th Dist.) (noting "the lack of the transcript independently support[ed] overruling" appellant's assignment of error). Because the appellate record in this case does not include a transcript of the July 21, 2025 hearing or an acceptable alternative under App.R. 9(C) or (D), we must presume the regularity of the trial court's proceedings in this case.

{¶ 15} As such, we have no basis to find the testimony and evidence presented at the July 21, 2025 hearing were insufficient to support the trial court's decree of divorce. Indeed, without a transcript to review—and any substantive arguments from appellant—we cannot conclude the trial court erred in granting Mr. Yates's complaint for divorce. Further,

in the absence of a hearing transcript, we have no basis to address any of the factual claims Ms. Rigby makes in support of her sole assignment of error.

{¶ 16} For these reasons, we overrule Ms. Rigby's sole assignment of error.

## III. CONCLUSION

{¶ 17} Having overruled Ms. Rigby's sole assignment of error, we affirm the July 21, 2025 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting Mr. Yates a divorce on the grounds of incompatibility.

*Judgment affirmed.*

BOGGS, P.J. and DINGUS, J., concur.

———————————